COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DANNY R. PERKINS and wife | ) | SEVIER COUNTY |
| DEANNA P. SIMS PERKINS | ) | 03A01-9709-CH-00429 |
| and | ) | |
| RONALD F. SCHNEIDER and wife | ) | |
| CLAUDETTE M. SCHNEIDER | ) | |
| | ) | HON. C. S. RAINWATER, JR., |
| Plaintiffs-Appellees | ) | CHANCELLOR |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE KIRBY | ) | |
| | ) | AFFIRMED IN PART; VACATED |
| Defendant-Appellant | ) | IN PART and REMANDED |

DAVID H. PARTON OF GATLINBURG FOR APPELLANT

CHARLIE R. JOHNSON OF SEVIERVILLE FOR APPELLEES

O P I N I O N

Goddard, P.J.

Plaintiffs Danny R. Perkins and his wife, Deanna P.
Perkins, and Ronald F. Schneider and his wife, Claudette M.
Schneider, filed a complaint against Defendant George Kirby
seeking to enjoin him from impeding passage over an old road
located within a right-of-way they claim over Mr. Kirby's
property.

Although the original complaint did not seek a determination of the width of the right-of-way, it appears from the statement of the evidence that this was the major issue in the trial of the case.

The Chancellor found that the Plaintiffs possessed a right-of-way as shown on the survey of Michael K. Suttles (see appendix), which scales approximately 37 feet in width. He also enjoined Mr. Kirby from interfering with the Plaintiffs' right to passage by gates or otherwise.

Mr. Kirby appeals, questioning the Court's determination of the "width and extent" of the right-of-way.

Our reading of the record discloses that the following facts are undisputed:

1.   The Plaintiffs have a right-of-way over a portion of the Defendant's property.
2.   The length of the right-of-way is approximately 80 feet.

As has already been stated, it is the width of the right-of-way that is in contention between the parties. The record discloses that the right-of-way was created by a reservation contained in a deed dated September 7, 1971, from Dave Trentham and wife Lecta Trentham to Mr. Kirby. This deed contains the following language:

> There is hereby reserved the joint use of a right of
> way 80 feet more or less in length as the same is now
> located crossing the Southwest corner of the above
> described premises leading from the Waldens Creek
> County Road to the lands of Randolph M. Trentham et ux.

The Chancellor, in making his determination as to the width of the right-of-way, relied on the survey of Mr. Suttles and certain deeds introduced in evidence. Mr. Suttles testified, according to the statement of evidence, that in preparing his survey he relied upon an unrecorded survey of John O. Morrell dated September 3, 1991. As to the Morrell survey, an old road is shown in the area in question, which appears to have been drawn in free hand without reference to calls or distances. Additionally, our measurement of the width of the old road shown on Mr. Morrell's survey, in accordance with the scale also shown thereon, discloses the width of the old road to be 12.5 feet.

In the deeds relied upon by the Chancellor, the Plaintiffs' predecessor in title granted a 30-foot right-of-way over the area in question to third parties. It should be noted that all of these deeds were made after the deed to Mr. Kirby reserving the right-of-way. It should also be noted that in the only deed Mr. Kirby signed, the right-of-way is described exactly as set out in the deed of reservation. Moreover, this deed states that Mr. Kirby executed it for the purpose of releasing any life estate he had in the conveyed property.

We conclude that the evidence preponderates against a finding that the right-of-way was 37 feet in width at the time it was created on September 7, 1971. In light of this and in the interest of justice to the parties to this suit, we are of the opinion the case should be remanded to the Trial Court and, if the parties cannot agree, the Court should hear such additional proof as may be available to determine the width of the right-of-way when it was created in 1971, which would include all cuts, fills and drainage ditches necessary for the maintenance of the roadway located thereon.

For the foregoing reasons the judgment of the Chancellor as to the existence of the right-of-way and the Plaintiffs' unobstructed right to passage is affirmed. His determination as to the width of the right-of-way is vacated and the cause remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged against the Plaintiffs.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.



_____
William H. Inman, Sr.J.